IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. WR-51,612-02






EX PARTE VIRGILIO MALDONADO
 








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 721568-B IN THE 338TH DISTRICT COURT


HARRIS COUNTY






 Per Curiam. Alcala, J., not participating.


O P I N I O N



 In October 1997, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. This Court
affirmed the conviction and sentence on direct appeal. Maldonado v. State, 998 S.W.2d 239
(Tex. Crim. App. 1999). Applicant filed his initial writ application in the trial court in
February 1999, and this Court denied relief on March 6, 2002. Ex parte Maldonado, No.
WR-51,612-01 (Tex. Crim. App. March 6, 2002)(not designated for publication). Applicant
filed a subsequent writ application in the trial court in June 2003 in which he raised a claim
that his execution was barred because he was mentally retarded. See Atkins v. Virginia, 536
U.S. 304 (2002). We determined that the claim met the requirements of Article 11.071, § 5,
and remanded it to the trial court for consideration. Ex parte Maldonado, No. WR-51,612-02
(Tex. Crim. App. July 2, 2003)(not designated for publication). The record was subsequently
sent to this Court, the Court reviewed it, and, based upon the testimony of the State's expert
witness, Dr. George Denkowski, we denied relief. Ex parte Maldonado, No. WR-51,612-02
(Tex. Crim. App. Sept. 12, 2007)(not designated for publication).

 Subsequently, in April 2011, Denkowski entered into a Settlement Agreement with
the Texas State Board of Examiners of Psychologists, in which his license was
"reprimanded." Pursuant to this Settlement Agreement, Denkowski agreed to not accept any
engagement to perform forensic psychological services in the evaluation of subjects for
mental retardation or intellectual disability in criminal proceedings. Applicant thereafter
submitted a suggestion that this Court "reconsider on its own initiative" its denial of his
Atkins claim in the -02 writ application. On April 25, 2012, we exercised our authority to
reconsider the -02 writ application on our own initiative, and we remanded it to allow the
trial court the opportunity to re-evaluate its initial findings, conclusions, and recommendation
in light of the Denkowski Settlement Agreement. Ex parte Maldonado, No. WR-51,612-02
(Tex. Crim. App. April 25, 2012)(not designated for publication).

 Following a new hearing, the trial court entered findings of fact and conclusions of
law on December 12, 2012, and recommended that relief be granted. We have reviewed the
record and the December 12, 2012 findings of fact and conclusions of law. We adopt the
trial court's findings and conclusions except for finding numbers 102 through 107. Based
upon the trial court's findings and conclusions and our own review, we grant relief on the -02
writ application and reform the trial court's judgment to reflect a sentence of life
imprisonment. 

Delivered: May 22, 2013

Do Not Publish